IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS CONRAD, )
)
Plaintiff, )
v. ) No. 03 C 7888
)
P.O. JEROME FINNEGAN, #5167, ) JUDGE GUZMAN
P.O. CARL SUCHOCKI #18391, )
P.O. BRET RICE #16059, ) MAGISTRATE JUDGE LEVIN
P.O. JAMES RYLE #11291, )
P.O. CHRIS WITCZAK, # 9251 )
P.O. MARK JAEGER #9974 and )
P.O. JAMES ELDRIDGE #2081, )
individually, )
)
Defendants. )

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiff, Thomas Conrad, by his attorney, Gregory E. Kulis, and the City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of the City of Chicago, and defendants, Jerome Finnigan, Bret Rice, Chris Witzcak, and Mark Jaeger, by one of their attorneys, Joseph M. Polick, Senior Counsel for the City of Chicago, herein stipulate and agree to the following:

1. This action has been brought by plaintiff, Thomas Conrad, against defendants, Jerome Finnigan, Bret Rice, Chris Witzcak, Mark Jaeger, James Eldridge, Carl Suchocki and James Ryle, and makes certain allegations contained in plaintiff's first amended complaint.[1]

2. Defendants deny each and every allegation of wrongdoing as stated in plaintiff's first amended complaint, and, further, deny liability.

---

[1] On August 25, 2004, plaintiff voluntarily dismissed all claims against defendants James Eldridge, Carl Suchocki and James Ryle with prejudice and without costs.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any defendant and/or the City of Chicago and/or its future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago and/or its future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiff and his attorney agree that they or any firm with which said attorney is affiliated or with which said attorney may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago and/or its future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff, Thomas Conrad, agrees to dismiss with prejudice all of his claims against defendants, Jerome Finnigan, Bret Rice, Chris Witzcak, and Mark Jaeger, with each side bearing its own costs and attorneys' fees.

5. Plaintiff, Thomas Conrad, accepts a settlement from the City of Chicago, in the total amount of FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS, with each side bearing its own costs and attorneys' fees.

6. The City of Chicago agrees to pay plaintiff the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the

Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and plaintiff and/or his attorney agree that they will not seek payment from any source other than the City of Chicago. The settlement check will be made payable to plaintiff, his attorney, and lien claimants, if any, of which the City has notice.

7. In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiff agrees to indemnify and hold harmless the City of Chicago, and its future, current or former officers, agents and employees including, but not limited to, defendants, Jerome Finnigan, Bret Rice, Chris Witzcak, and Mark Jaeger, from any claims, losses, damages or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by reason of any lien or any other claim or interest held by any person, entity or corporation against any moneys received or to be received by plaintiff under the settlement entered pursuant to this Release and Settlement Agreement.

8. Plaintiff, upon advice of counsel, understands and agrees that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, plaintiff does hereby release and forever discharge on behalf of himself and his heirs, executors, administrators and assigns, all claims he had or has against defendants, Jerome Finnigan, Bret Rice, Chris Witzcak, and Mark Jaeger, and the City of Chicago, and its future, current, or former officers, agents and employees, including but not limited to all claims he had, has or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis for this litigation, and that such release and discharge also is applicable to any and all unnamed and/or unserved defendants.

9. This Release and Settlement Agreement and any documents that may be executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11. In entering into this Release and Settlement Agreement, plaintiff represents that he has relied upon the advice of his attorney, who is the attorney of his own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to him by his attorney, and that those terms are fully understood and voluntarily accepted by plaintiff. Plaintiff also represents and warrants that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that he and his attorney have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with

and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

*[signature]*
Thomas Conrad, plaintiff

Address: 10020 S 53rd
OAK LAWN

Date of birth: 8-10-56

*SSN:_____

*[signature]*
Gregory E. Kulis
Attorney for plaintiff
30 North LaSalle Street
Suite 2140
Chicago, Illinois 60602
(312) 580-1830
Attorney No. _____

DATE: 10/4/04

*Providing SSN is voluntary

City of Chicago
a Municipal Corporation

Mara S. Georges
Corporation Counsel
Attorney for City of Chicago

BY: *[signature]*
Jeffrey N. Given
Chief Assistant Corporation Counsel
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-9210
Attorney No. 06184989

DATE: 4 Oct. 04

*[signature]*
Joseph M. Polick
Senior Counsel
Attorney for defendants Finnigan, Rice,
Witzcak and Jaeger
30 North LaSalle Street - Suite 1400
Chicago, Illinois 60602
(312) 742-0029
Attorney No. 06203682

DATE: 10-4-04

5